# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **STEVEN TOWNSEND** )<br>)<br>**Plaintiff,** )<br>) **NO:**<br>**v.** )<br>)<br>**PINEWOOD SOCIAL, LLC.** ) **JURY DEMAND**<br>)<br>**Defendant.** ) | |

## COMPLAINT

Plaintiff Steve Townsend ("Plaintiff" or "Mr. Townsend") files this Complaint against Pinewood Social, LLC. ("Defendant" or "Pinewood Social") and alleges the following:

### Parties

1. Mr. Townsend is a former employee of Defendant who is a citizen and resident of Davidson County, Tennessee.

2. Pinewood Social is a restaurant and craft cocktail bar which maintains operations and does business in Davidson County, TN. Defendant may be served through its registered agent, Michael A. Johnson, 222 2nd Ave. N. Ste. 340M, Nashville, TN 37201.

### Jurisdiction and Venue

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 1367.

4. Venue is proper under 28 U.S.C. §1391, as all facts giving rise to this case happened within this judicial jurisdiction.

5. This is an action for all available economic damages, compensatory damages, declaratory relief, equitable relief, and injunctive relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981("Section 1981"), and the Tennessee Human Rights Act ("THRA"). Plaintiff has received his Notice of Right to Sue from the EEOC and files this lawsuit timely.

## Facts

6. Plaintiff Steve Townsend is an African American (Black) male with a sexual orientation associated with the LGBTQ+ community.

7. In July 2022, Mr. Townsend began working at Pinewood Social.

8. Mr. Townsend worked for Pinewood Social as an Executive Chef. As its Executive Chef, Plaintiff had job responsibilities related to Pinewood Social's culinary operations and oversight of its kitchen staff.

9. Shortly after his employment started, Plaintiff was targeted by multiple staff members and leadership with disparate treatment on the basis of his sex [sexual orientation] and race.

10. The disparate treatment targeted at Plaintiff was persistent, and it occurred on a regular [at least weekly] basis. The mistreatment targeted at Plaintiff was insulting, homophobic, and motivated by a desire to adversely impact Plaintiff's employment improper motives.

11. Plaintiff was regularly the subject of false rumors and ridicule due to his sexual orientation and race – which created a hostile work environment for Mr. Townsend for many months.

12. Around November and December 2022, several Pinewood Social employees escalated and engaged in a campaign to slander the character of Mr. Townsend and cause him to suffer detrimental employment action.

13. On multiple occasions, Hispanic employees made derogatory and offensive comments in their native language about Plaintiff based on his race and sexual orientation – which Plaintiff heard himself and heard from other employees.

14. Luis Martinez, a Hispanic sous-chef, targeted Mr. Townsend with: offensive comments about his sexual orientation; concocted claims about Plaintiff's conduct, which he conspired with several other employees; frequent undermining of Plaintiff's authority; and a slew of insults and false statements.

15. For example, Mr. Martinez told a young male employee to "be careful around him [Plaintiff], he looks like he likes young boys – that's what *they* do."

16. Martinez regularly encouraged employees to disregard the directions and instruction of Mr. Townsend because he claimed that Plaintiff would not be employed much longer and "things would change soon."

17. Martinez and several other Pinewood Social employees voiced their efforts and targeted intent to have Mr. Townsend fired by making negative allegations about his leadership, workplace conduct, and the work environment under his direction.

18. Martinez encouraged and worked with two Pinewood Social employees [Antoine and Jay, last names unknown] to make false and slanderous allegations that Mr. Townsend made them "feel uncomfortable or suggested something of a sexual nature towards them" in order to prompt the termination of Plaintiff on false pretenses.

19. Pinewood Social employees spread false concocted claims and rumors about Plaintiff making sexual-related innuendos and advances towards them -- despite the fact that Plaintiff performed his duties in the workplace professionally.

20. Similarly situated employees of Pinewood Social who were not black or gay men were not targeted with the aforementioned hostilities.

21. In late-December 2022, the accumulation of disparate treatment and defaming comments compelled Plaintiff to complain to Pinewood Social leadership.

22. On December 25, 2022, Plaintiff made a formal complaint of discrimination and defamation of his character and reputation by multiple Pinewood Social employees.

23. The complaint was emailed directly to Defendant's Owners (Anthony Sanfilippo, Benjamin Goldberg & Florence Sudduth), its Director of Operations (Chris Vicic); and its Director of Human Resources (Brittany Dupriest).

24. The December 25th email identified the basis for his alleged mistreatment as his sexual orientation and race. Also, Plaintiff stated that the actions against him created "an unsafe work environment of harassment and intimidation."

25. On December 30, 2022, Plaintiff attended a meeting to discuss his email complaint with Sanfilippo, Goldberg, Vicic, and Dupriest. At the meeting, Mr. Townsend discussed the incidents of disparate treatment on the basis of race and sexual orientation for a short time at the beginning of the meeting.

26. Pinewood Social agents did not focus on or show sincere concern about Plaintiff's reported allegations of discrimination and harassment at the December 30, 2022 meeting. Instead, Defendant made the meeting about Plaintiff and hostily questioned his leadership, communication skills, and what role he had in contributing to the complained-about issues.

27. Pinewood Social did not subject Plaintiff to formal discipline, a write-up, or a performance improvement plan pursuant to Defendant's standard progressive discipline process for anything related to his job performance prior to December 30, 2022.

28. Plaintiff was told that Pinewood Social would conduct an investigation of his allegations of discrimination and hostile work environment at the December 30, 2022 meeting.

29. Lawyers retained by Defendant and other Pinewood Social personnel held interviews and investigated Plaintiff's human resources-related complaint.

30. Defendant's investigation of Plaintiff's complaint was not performed in good-faith.

31. Defendant breached its investigative protocols, practices, and policies in its investigation of Plaintiff's complaint.

32. Rather than focus on the complained-about incidents against Plaintiff, Pinewood Social made Plaintiff the target of its investigation in order to develop and support a pretextual basis for retaliation.

33. Pinewood Social placed Plaintiff on "administrative leave" pending the conclusion of the investigation.

34. During Plaintiff's investigation interview, the interviewers spent very little time discussing the substance of the allegations in the December 2022 complaint. Defendant spent much more time questioning Plaintiff about issues beyond the subjects of his complaint, and its agents brought forth negative accusations about Plaintiff as an employee. Plaintiff denied each accusation of inappropriate conduct and expressly questioned how Defendant's allegations against him were relevant to the subjects raised in the December 2022 complaint.

35. On January 16, 2023, Defendant told Plaintiff that he was being fired "for cause."

36. Defendant told Plaintiff that its investigation substantiated allegations that Plaintiff created an uncomfortable workplace and engaged in unacceptable behavior.

37. In reaching its conclusions, Defendant chose to accept all allegations against Plaintiff as credible despite receiving denials from Plaintiff. Defendant did not rely on solid or credible proof of misconduct.

38. In reaching its conclusions, Defendant failed to consider the source(s) of the information upon which it relied to reach its conclusions – namely, individuals who Plaintiff first alleged were targeting him with disparate and discriminatory treatment while "conspiring to have [Plaintiff] fired."

39. At the January 16, 2023 termination meeting, Defendant declared that its investigation yielded "no evidence" to substantiate Plaintiff's allegations of discrimination or hostile work environment.

40. Defendant received information from employees who claimed that Plaintiff was targeted with disparate treatment, rumors, jokes and other hostilities on the basis of his sexual orientation and/or race.

41. Defendant received information from employees who claimed that Plaintiff was targeted with derogatory remarks from Hispanic employees speaking in their native language about Mr. Townsend on the basis of his sexual orientation and race.

42. Defendant received information from employees who informed Defendant's agents that Plaintiff was a good supervisor and did not contribute to negativity in the workplace, rather was the targeted of the hostilities in the workplace.

43. Defendant received information from employee-witnesses who informed Defendant agents that several Pinewood Social employees spoke about Plaintiff being "fired soon" as a result of their collusion and false accusations.

44. Plaintiff vehemently opposed Defendant's decision to terminate Plaintiff at the termination meeting.

45. Plaintiff conveyed his impression that Pinewood Social's actions were retaliatory at the termination meeting. Plaintiff called the investigation "biased" and a sham "investigation into my character and my personal life."

46. Defendant's asserted reason for Plaintiff's termination is false and a pretext for discrimination and retaliation.

47. The aforementioned actions were not targeted at similarly-situated employees who are not black and/or share the sexual orientation (or sex) of Plaintiff.

48. Plaintiff has lost income and other privileges and benefit of employment; suffered embarrassment, humiliation, damage to his reputation, emotional distress, undue stress and anxiety, loss of enjoyment of life; and incurred attorneys' fees and expenses as a result of the conduct described herein.

49. Defendant acted willfully and maliciously or with reckless indifference to Plaintiff's protected rights.

## Causes of Action

### Retaliation, Discrimination, Hostile Work Environment
### Title VII, Section 1981, and the THRA

50. Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

51. Based on the conduct described in this Complaint, Defendant is liable for unlawful discrimination, hostile work environment, and retaliation in violation of the aforementioned federal and state laws.

52. Mr. Townsend engaged in multiple protected acts by reporting discriminatory conduct in violation of the aforementioned federal and state laws.

53. Defendant's retaliatory conduct described in this Complaint was substantially motivated by Mr. Townsend's race, sexual orientation, and his opposition to unlawful conduct.

54. Defendant's conduct has harmed and caused damage to Mr. Townsend.

## **Relief Requested**

Mr. Townsend respectfully requests:

55. That process issue and be served upon Defendant, and that it be directed to answer this Complaint within the time period prescribed by the law;

56. That this case be set for trial and that a jury be empaneled to decide the merits and damages;

57. Monetary award of damages for back pay, front pay, and all other available economic relief under the aforementioned federal and state laws.

58. That Mr. Townsend be awarded judgment and compensatory damages, including but not limited to back pay, front pay, and damages for embarrassment, humiliation, mental anguish and stress, and outrage;

59. That Mr. Townsend be awarded punitive damages in an amount to be determined at trial.

60. That Mr. Townsend be awarded attorneys' fees and expenses;

61. That Mr. Townsend be awarded pre-judgment interest;

62. That all costs be taxed against Defendants; and

63. That Mr. Townsend be awarded all legal or equitable relief to which he may be entitled.

Respectfully Submitted,

/s Brian C. Winfrey
Brian Winfrey, TN Bar No. 02576
THE WINFREY FIRM
613 Woodland St.
Nashville, Tennessee 3726
(615) 601-1276
brian@thewinfreyfirm.com